IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BELLA MANGUIAT** | * |
| Plaintiff, | * |
| v. | *   Civil No. GJH-13-cv-1165 |
| **BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY** | * |
| Defendant. | * |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DECLARATIONS

Defendant Board of Education of Prince George's County ("School Board"), by and through its counsel, Thatcher Law Firm, LLC, respectfully submits this Motion to Strike Declarations pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[1] The Declarations of Carolyn Brooks (ECF No. 36-7), Clarette Harrison (ECF No. 36-23), and Joyce Pullen (ECF No. 36-24) should be stricken because the declarants were not identified in response to the School Board's Interrogatory Number 1, in violation of Fed. R. Civ. P. 26(e)(1).

### I. INTRODUCTION

Plaintiff Bella Manguiat ("Plaintiff") provided three declarations by third parties as support for her Opposition to the School Board's Motion for Summary Judgment. Those three declarations are those of Carolyn Brooks (ECF No. 36-7, Exhibit D), Clarette Harrison (ECF No. 36-23, Exhibit T), and Joyce Pullen (ECF No. 36-24, Exhibit U). All

---

[1] *See Moret v. Geren*, 494 F. Supp. 2d 329, 336 (D. Md. 2007) ("Federal Rule of Civil Procedure 12(f) relates to matters to be stricken from pleadings. Although affidavits technically do not constitute pleadings, courts have permitted affidavits to be challenged by motion to strike because the Federal Rules provide no other means to contest their sufficiency.")

three declarants claim to have personal knowledge regarding the allegations Plaintiff has pled in her lawsuit. The School Board was previously unaware that those individuals possessed personal knowledge relevant to the Plaintiff's claims because Plaintiff did not identify them in response to the Interrogatory requesting all persons with knowledge of the events alleged.

> The School Board's Interrogatory Number 1 requested that Plaintiff:
>
> Identify all persons who are likely to have personal knowledge of any fact alleged in or relevant to your lawsuit or who you anticipate will be called as a witness at trial or deposition, state the subject matter of the personal knowledge possessed by each such person, and provide the last known address and telephone numbers for each such person.

*Exhibit 1, Defendant's First Set of Interrogatories to Plaintiff Bella Manguiat*. In response, Plaintiff listed seventeen people. *Exhibit 2, Plaintiff's Response to Defendant's First Set of Interrogatories*. The three people who provided their declarations for the Opposition were not listed, and Plaintiff never supplemented her Responses to include the declarants. Because of this lack of disclosure, the School Board is unfairly surprised and prejudiced. It has not been afforded the opportunity to depose or otherwise interview these witnesses.

## II. ARGUMENT

The Federal Rules of Civil Procedure state that a party has the duty to supplement any interrogatory "in a timely manner." FED. R. CIV. P. 26(e)(1). The Rules also provide a remedy if those supplemented disclosures are not made: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." FED. R. CIV. P. 37(c)(1).

Plaintiff has never supplemented her response to Interrogatory Number 1 to include the three declarants who provided support for her Opposition to the Motion for Summary Judgment. Ostensibly, if the Motion for Summary Judgment is denied, Plaintiff intends to call these same individuals as her witnesses at trial. Because Plaintiff did not originally identify them, or supplement her response to identify them as soon as she was apprised of their knowledge, the School Board did not have the opportunity to depose them and fully explore the extent of their knowledge. "Rule 37(c)(1) provides that a party who fails to identify a witness as required by Rule 26(a) or (e) is not allowed to use that witness to supply evidence on a motion." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011) (finding no abuse of discretion in lower court's striking of the declaration of a witness that was used in support of opposition to summary judgment, where the identity of the declarant was not disclosed in response to interrogatory requesting possible witnesses until after motion for summary judgment had been filed). Because Plaintiff failed to disclose Ms. Brooks, Ms. Harrison, and Ms. Pullen as potential witnesses, she cannot now use them to supply evidence in support of her Opposition.

## III. <u>CONCLUSION</u>

WHEREFORE, the School Board respectfully requests that the Court strike the Declarations of Carolyn Brooks (ECF No. 36-7), Clarette Harrison (ECF No. 36-23), and Joyce Pullen (ECF No. 36-24)

                                                Respectfully submitted,

                                                _____/s/_____
                                                Linda Hitt Thatcher (Bar No. 05039)
                                                Robert J. Baror (Bar No. 17763)
                                                Anneliese M. Kite Stone (Bar No. 18685)

                                                THATCHER LAW FIRM, LLC
                                                7849 Belle Point Drive
                                                Greenbelt, MD 20770
                                                www.thatcherlaw.com
                                                Telephone: (301) 441-1400
                                                Facsimile: (301) 441-9602

                                                *Counsel for Defendant*