**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |  | |
|---|---|---|---|
| **BELLA MANGUIAT** | * | | |
| Plaintiff, | * | | |
| v. | * | **Civil No. GJH-13-cv-1165** | |
| **BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY** | * | | |
| Defendant. | * | | |

## REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE

Defendant Board of Education of Prince George's County ("School Board"), by and through its counsel, Thatcher Law Firm, LLC, respectfully replies to Plaintiff's Opposition to Defendant's Motion to Strike the Declarations of Carolyn Brooks (ECF No. 36-7), Clarette Harrison (ECF No. 36-23), and Joyce Pullen (ECF No. 36-24). Plaintiff has failed to show that her failure to disclose the three declarants as potential witnesses is either substantially justified or harmless. Therefore, the proper sanction for Plaintiff's failure to comply with the requirements of FED. R. CIV. P. 37(c)(1) is striking the declarations.

I. **ARGUMENT**

It is important not to lose sight of the simple fact in this case that Plaintiff, a tenured teacher, was terminated because her H1-B visa expired. And, the School Board, based upon a settlement with the Department of Labor, was not able to sponsor a renewal for the Plaintiff. As for Plaintiff's allegations of hostile work environment and

retaliation, she simply does not have the requisite evidence to survive summary judgment.

Turning to the specifics of the pending motion, Plaintiff Bella Manguiat ("Plaintiff") relies on the declarations of three individuals in her Opposition to the School Board's Motion for Summary Judgment: Carolyn Brooks (ECF No. 36-7, Exhibit D), Clarette Harrison (ECF No. 36-23, Exhibit T), and Joyce Pullen (ECF No. 36-24, Exhibit U). However, despite the statements within those declarations regarding matters alleged by Plaintiff in this litigation, none of the three individuals were declared as potential witnesses or "persons likely to have personal knowledge of any fact alleged in or relevant to [Plaintiff's] lawsuit" in response to the School Board's Interrogatory Number 1, which requested identification of all such individuals. ECF No. 42-2. Plaintiff claims that the nondisclosure can be excused by this Court because 1) two of the individuals were named elsewhere in Plaintiff's response to the School Board's Interrogatories, 2) some of the testimony was for purely impeachment purposes, and therefore need not be disclosed, and 3) the nondisclosure was inadvertent and due to Plaintiff's counsel's lack of experience. ECF No. 44, p. 1-2. These excuses are insufficient to show that the nondisclosure was either substantially justified or harmless, as required to escape the "automatic sanction" of exclusion. FED. R. CIV. P. 37(c)(1); FED. R. CIV. P. 37(c) advisory committee note (1993).

To be clear, Plaintiff acknowledges that she *never* disclosed in interrogatory responses the name and identity of Carolyn Brooks, upon whose declaration she now wishes to rely. Moreover, Clarette Harrison was *never* identified in interrogatory responses as someone with personal knowledge about Plaintiff's allegations in this lawsuit—she was only identified as having knowledge of Plaintiff's work performance.

2

Knowledge about one's work performance is significantly different from knowledge about allegations of discrimination and harassment—in fact Plaintiff's work performance is not even in issue in this case because she was terminated due to the expiration of her visa, not for any performance related problems. As with Ms. Harrison, Joyce Pullen was *never* identified in interrogatory responses as someone with personal knowledge of the allegations of discrimination and harassment in this litigation—she was again only identified as having knowledge of work performance, which is not in issue in this case. Had the School Board been aware that Ms. Brooks, Ms. Harrison, and Ms. Pullen had purported knowledge of discrimination and harassment, it would have deposed these individuals and subpoenaed any records which they might have. However, Plaintiff's actions have deprived the School Board of this opportunity at this late stage of the litigation after it had filed its Motion for Summary Judgment.

The case the School Board relies on in its prior motion papers, *Hoyle v. Freightliner, LLC*, 650 F.3d 321 (4th Cir. 2011) is both factually and legally controlling in this case. In *Hoyle*, as in this case, the plaintiff obtained the declaration of a fact witness and provided it as a supplement to discovery after the close of discovery and after the defendant had filed its motion for summary judgment. *Id*. at 329. Also like in this case, the declarant was not listed by the plaintiff as an individual possessing information about the facts alleged in the plaintiff's complaint, or as a potential witness in response to the defendant's interrogatories. *Id*. at 328. The plaintiff then relied on that declaration in her opposition to summary judgment. *Id*. at 329. In that case, like in this case, the declarant had been mentioned in response to a different interrogatory, and had been mentioned in deposition testimony. *Id*. at 328-30. The court found that those references to the declarant were "insufficient" to alert the defendant that the declarant

was a potential witness. *Id*. at 330. Of particular importance to the court in that case was the plaintiff's choice not to list the declarant as a potential witness, despite her knowledge that the declarant had information that was highly relevant to her case. *Id*.

Similarly, in this case, though Plaintiff listed Ms. Harrison and Ms. Pullen as individuals who possess knowledge of Plaintiff's work performance in response to Interrogatory Number 19, Plaintiff consciously chose not to list them as potential witnesses in response to Interrogatory Number 1. Ms. Brooks was not disclosed at all. In Ms. Harrison's Declaration, she made only one statement relevant to Plaintiff's work performance (¶ 9), and the rest were relevant to Plaintiff's allegations as to her alleged lack of mentor. ECF No. 36-23. Ms. Pullen's Declaration also makes one statement relevant to Plaintiff's work performance (¶ 5), while the rest are relevant to Plaintiff's allegations as to her lack of mentor. ECF No. 36-24. Ms. Brooks made statements regarding a variety of issues directly relevant to Plaintiff's allegations, including the overall structure and administration of Francis Scott Key Elementary (¶¶ 4-8), Plaintiff's allegations of discrimination, hostile work environment, and retaliation (¶¶ 9-12, 30-32), Plaintiff's claim that her evaluations were discriminatory or retaliatory (¶¶ 13-20, 25-26), Plaintiff's claim that she did not receive a mentor (¶¶ 21-23), and Plaintiff's claim that she did not receive tenure (¶¶ 27-29). ECF No. 36-7. Plaintiff had knowledge during the almost year of Discovery that all three individuals had knowledge relevant to her allegations, but she chose not to name them as witnesses. As the School Board has made clear in its Motion for Summary Judgment papers, Plaintiff's performance was not relevant to her termination. The disclosure of an individual as having knowledge of Plaintiff's performance, an immaterial issue, is therefore not sufficient to put the School Board on notice that the individual may be a potential witness at trial.

Plaintiff's claim that her declarants provide statements purely for impeachment purposes, and therefore need not be identified, is also unpersuasive. Plaintiff claims that she relies on the declarations to "impeach" the School Board's witness statement that Plaintiff was provided with a mentor. ECF No. 44, p. 2. However, this is a matter of contorted perspective. Plaintiff claims in her Amended Complaint that she was not provided with a mentor, and that her principal "fabricated documentation" that she had been provided with a mentor. ECF No. 3, ¶¶ 44, 53, 54. These declarants are being used to corroborate Plaintiff's version of the facts just as much as they are being used to call into question the testimony of the School Board's witnesses. By Plaintiff's logic, everything alleged that is contrary to the School Board's statement of facts must be "impeachment" evidence. However, the statements provided by the Declarations of Ms. Harrison, Ms. Pullen, and Ms. Brooks are directly relevant to Plaintiff's own allegations and are therefore not "impeachment" testimony.

Finally, Plaintiff cannot rely on her counsel's inexperience as an excuse that her failure to disclose the identity of her declarants was "substantially justified." FED. R. CIV. P. 37(c)(1). "Substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Mere inadvertence or inexperience of counsel does not provide substantial justification. *Bull v. Board of Trustees of Ball State University*, 2012 WL 76137, at *2 (S.D. Ind. Jan. 10, 2012); *Tolerico v. Home Depot*, 205 F.R.D. 169, 176 (M.D. Penn. 2002).

## II. CONCLUSION

For the reasons stated herein and in its prior motion papers, the School Board respectfully requests that the Court strike the Declarations of Carolyn Brooks (ECF No. 36-7), Clarette Harrison (ECF No. 36-23), and Joyce Pullen (ECF No. 36-24).

Respectfully submitted,

_____/s/_____
Linda Hitt Thatcher (Bar No. 05039)
Robert J. Baror (Bar No. 17763)
Anneliese M. Kite Stone (Bar No. 18685)

THATCHER LAW FIRM, LLC
7849 Belle Point Drive
Greenbelt, MD 20770
www.thatcherlaw.com
Telephone: (301) 441-1400
Facsimile: (301) 441-9602

*Counsel for Defendant*